NSK LTD. AND NSK CORP, PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND TIMKEN CO., DEFENDANT-INTERVENOR

Consolidated Court No. 93-12-00831

(Dated December 18, 1995)

*Lipstein, Jaffe & Lawson, L.L.P. (Robert A. Lipstein, Matthew P. Jaffe* and *Grace W. Lawson)* for plaintiffs.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Michael S. Kane);* of counsel: *Linda S. Chang,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Stewart and Stewart (Terence P. Stewart, James R. Canon, Jr., William A. Fennell, Patrick J. McDonough* and *Olufemi A. Areola)* for defendant-intervenor.

OPINION

TSOUCALAS, *Judge:* Plaintiffs, NSK Ltd. and NSK Corporation (collectively "NSK"), commenced this action challenging certain aspects of the

---

final determination of administrative review of the United States Department of Commerce, International Trade Administration ("Commerce"), entitled *Final Results of Antidumping Duty Administrative Reviews; Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, From Japan and Tapered Roller Bearings, Four Inches or Less in Outside Diameter, and Components Thereof, From Japan ("Final Results"),* 58 Fed. Reg. 64,720 (1993).

## BACKGROUND

On November 22, 1991, Commerce initiated administrative reviews of tapered roller bearings ("TRBs") from Japan covering the period of 1990 to 1991. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 56 Fed. Reg. 58,878 (1991). Commerce published the preliminary results of the administrative review on September 30, 1993. *See Preliminary Results of Antidumping Duty Administrative Reviews; Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, From Japan and Tapered Roller Bearings, Four Inches or Less in Outside Diameter, and Components Thereof, From Japan,* 58 Fed. Reg. 51,058 (1993).

On December 9, 1993, Commerce published the *Final Results* at issue. *See Final Results,* 58 Fed. Reg. at 64,720. NSK moves pursuant to Rule 56.2 of the Rules of this Court for judgment on the agency record alleging the following actions by Commerce were unsupported by substantial evidence on the agency record and not in accordance with law: (1) refusal to apply a ten percent cap on individual bearing deviations as part of its "sum of the deviations" model match methodology; and (2) commission of a clerical error resulting in the failure to identify unique home market parts.[1] *Memorandum of Points and Authorities in Support of Motion for Judgment on the Agency Record ("NSK's Brief")* at 2–11.

## DISCUSSION

The Court's jurisdiction in this action is derived from 19 U.S.C. § 1516a(a)(2) (1988) and 28 U.S.C. § 1581(c) (1988).

The Court must uphold Commerce's final determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with the law." 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477 (1951) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). "It is not within the Court's domain either to weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on the grounds of a differing interpretation of the record." *Timken Co. v. United States,* 12

---

[1] NSK abandoned one of the three counts in the original complaint. *See Plaintiffs' Reply Memorandum in Support of Motion for Judgment on the Agency Record* at 5.

CIT 955, 962, 699 F. Supp. 300, 306 (1988), *aff'd,* 894 F.2d 385 (Fed. Cir. 1990).

1. *Model Match Methodology:*

NSK argues that, for purposes of calculating dumping margins, Commerce compared dissimilar merchandise because it did not impose a ten percent limit upon deviation from the five-criteria model match methodology for selecting the most similar home market TRB model. *NSK's Brief* at 5–9. NSK asserts that the antidumping law mandates that Commerce identify the most similar matches. *Id.* at 8. According to NSK, the absence of a ten percent cap allows for matches between products which are not commercially similar. *Id.* at 7–8.

Commerce responds that when identical merchandise is not available in the home market for comparison with the merchandise sold to the United States, Commerce must select the "most similar" merchandise based upon the physical characteristics of the merchandise being compared. *Defendant's Opposition to Plaintiffs' Motion for Judgment Upon the Agency Record ("Commerce's Brief")* at 9; 19 U.S.C. § 1677(16) (1988).[2] In this review, Commerce compared home market sales of TRBs to U.S. sales by devising a "sum of the deviations" methodology. Under this approach, Commerce uses five physical characteristics (inner diameter, outer diameter, width, Y factor, and load rating) as criteria for selecting "similar" model matches. *Commerce's Brief* at 8. Commerce explains that in conjunction with the "sum of the deviations" methodology, it applied a twenty percent cost cap that prevents the matching of United States and home market models whose variable cost of manufacturing differs by more than twenty percent. *Id.* Commerce argues its actions are within its discretion and in accordance with law. *Id.* at 9–10.

The Court of Appeals for the Federal Circuit ("CAFC") recently ruled on this issue in *Koyo Seiko Co. v. United States,* 66 F.3d 1204 (Fed. Cir. 1995), holding that Commerce's model match methodology, without the ten percent cap, is a permissible approach under 19 U.S.C. § 1677(16). In reaching its conclusion, the CAFC noted that under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43 (1984), where a statute is silent or ambiguous with respect to a specific issue, the court is limited to determining whether the agency's approach is a permissible construction of the statute. *Koyo,* 66 F.3d at 1209. The

---

[2] 19 U.S.C. § 1677(16) (1988) provides:

The term "such or similar merchandise" means merchandise in the first of the following categories in respect of which a determination for the purposes of part II of this subtitle can be satisfactorily made:

(A) The merchandise which is the subject of an investigation and other merchandise which is identical in physical characteristics with, and was produced in the same country by the same person as, that merchandise.

(B) Merchandise—

(i) produced in the same country and by the same person as the merchandise which is the subject of the investigation,

(ii) like that merchandise in component material or materials and in the purposes for which used, and

(iii) approximately equal in commercial value to that merchandise.

(C) Merchandise—

(i) produced in the same country and by the same person and of the same general class or kind as the merchandise which is the subject of the investigation,

(ii) like that merchandise in the purposes for which used, and

(iii) which the administering authority determines may reasonably be compared with that merchandise.

CAFC upheld Commerce's construction of the statute stating the following:

> Commerce's interpretation is reasonable because there is no evidence that any one of the five criteria should be decisive in determining whether to match a given U.S. TRB with a home-market TRB. By choosing not to apply the ten percent cap, Commerce in essence weighs each of the five criteria equally, which is plainly reasonable.

*Koyo,* 66 F.3d at 1210.

In light of the decision of the CAFC in *Koyo,* the Court finds that Commerce's model match methodology without the ten percent cap is a reasonable approach and consistent with law.

2. *Clerical Error:*

NSK contends that at lines 203 and 217 of the computer program, unique home market parts are not identified because the language "BY HMPART" has been omitted. *NSK's Brief* at 10. Commerce agrees the language "BY HMPART" was inadvertently omitted from the computer program and agrees that a remand is necessary to correct the error. *Commerce's Brief* at 14. Defendant-intervenor, The Timken Company, submits that the error exists in more lines of the computer program than those enumerated by NSK. *Response of The Timken Company to Plaintiffs' Memorandum in Support of its Motion for Judgment on the Agency Record* at 8.

Upon a review of the record, the Court agrees with the parties that a remand is necessary to correct the clerical error at issue to the extent necessary.

CONCLUSION

NSK's motion for judgment upon the agency record is granted to the extent that this case is remanded to correct the clerical error concerning home market parts. Commerce's Final Results, to the extent challenged herein, are sustained in all other respects.

The remand results are due within ninety (90) days of the date that this opinion is entered. Any comments or responses are due within thirty (30) days thereafter; any rebuttal comments are due within fifteen (15) days of the date that responses or comments are due.